UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANNY ALLDAY                                          CIVIL ACTION

VERSUS                                                NO: 08-782

NEWPARK SQUARE I OFFICE                               SECTION: "R"(3)
CONDOMINIUM ASSOCIATION, INC.
ET AL.

**ORDER AND REASONS**

Before the Court is plaintiff Danny Allday's motion to remand. None of the defendants has opposed the motion. For the following reasons, the Court GRANTS plaintiff's motion to remand.

I.   **BACKGROUND**

Plaintiff sued Newpark Square I Office Condominium Association, Inc., a Louisiana corporation, and Massachusetts Bay Insurance Company (erroneously sued as "Hanover Insurance Company"), in state court on August 28, 2007. Plaintiff is the owner of four units at 2901 North Causeway Boulevard in Metairie, Louisiana. The building operates as a condominium, and is managed by Newpark Square.

Plaintiff alleges that the building sustained damage during both Hurricanes Katrina and Rita. Plaintiff further alleges that Newpark Square is responsible for repairing the property damage but has not yet completed the repairs, causing further damage to plaintiff's units. Plaintiff alleges that Massachusetts Bay, Newpark Square's liability insurer, has not paid Newpark Square for all of the covered damage to the condominium. Plaintiff claims to be a third party beneficiary of the Massachusetts Bay insurance policy and alleges that he has suffered damages because of Massachusetts Bay's and Newpark Square's breaches of their contractual duties.

On January 29, 2008, Massachusetts Bay removed the case to federal court on the basis of diversity jurisdiction. Massachusetts Bay claimed that the Court should disregard Newpark Square's non-diverse citizenship because plaintiff improperly joined Newpark Square. Defendant contends that because plaintiff had not served Newpark Square in the state court action, he "obviously has no interest in pursuing his claims against Newpark Square and is simply using Newpark Square to defeat diversity jurisdiction." (Notice of Removal, R. Doc. 1 at 5.)

On February 6, 2008, plaintiff dismissed Newpark Square without prejudice. (R. Doc. 4.) Plaintiff filed an amended complaint the same day re-naming Newpark Square as a defendant.

(R. Doc. 5.)  Two days later, plaintiff served Newpark Square with the amended complaint. (*See* R. Docs. 8-9.)

## II. LEGAL STANDARDS

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

B.   **Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332. However, a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id*. Improper joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1] *Ross v. Citifinancial, Inc*., 344 F.3d 458, 461 (5th Cir. 2003). In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant. *Id*. at 462-63. The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder."  *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).  However, the term "fraudulent joinder" is still used in many Fifth Circuit cases, causing no shortage of confusion.

(5th Cir. 2002)).  This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.*  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.*  The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim.  d. (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649.  In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

**III. DISCUSSION**

It is well established that incomplete diversity between the parties destroys the federal court's diversity jurisdiction. Here, plaintiff amended his complaint and served Newpark Square, a Louisiana citizen, thereby destroying diversity jurisdiction.

Although Massachusetts Bay removed the case claiming that Newpark Square was improperly joined, defendant has failed to meet its heavy burden of establishing improper joinder by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant.

Although plaintiff dismissed Newpark Square and then served it with an amended complaint, plaintiff contends that his counsel did so because she mistakenly forgot to serve Newpark Square in the state court action.  Rather than seeking additional time to serve Newpark Square after the case was removed to federal court, plaintiff dismissed Newpark Square without prejudice, and then amended the complaint to name it as a defendant.  On the basis of these facts, defendant has not met its burden of showing improper joinder.  Newpark Square is now a proper defendant in the action.  Accordingly, the Court lacks diversity jurisdiction.

**IV.  CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is GRANTED.

New Orleans, Louisiana, this __3rd__ day of April, 2008.

```
            ____Sarah Vance_____
                 SARAH S. VANCE
            UNITED STATES DISTRICT JUDGE
```